IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Rawlings Best, Jr., | C/A No.: 1-23-5539-MGL-SVH |
| Plaintiff, | |
| vs. | |
| Sgt. Sommers; CO Mitchell; CO Sholer; CO Cummingham; CO Calloway; Deputy Rawls; Major Leggings; CO Harris; CO Grady; Doctor on duty; and CO Wannamaker, | ORDER AND NOTICE |
| Defendants. | |

Paul Rawlings Best, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Sgt. Sommers, CO Mitchell, CO Sholer, CO Cummingham, CO Calloway, Deputy Rawls, Major Leggings, CO Harris, CO Grady, Doctor on duty, and CO Wannamaker (collectively "Defendants").[1] Plaintiff alleges violations of his constitutional rights, and the complaint is construed as brought pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is

---

[1] Although the docket lists "ASGDC employees" as a defendant, this appears to be a description for Defendants, as it is followed by a colon and a listing of names. Therefore, the Clerk of Court is directed to terminate "ASGDC employees" as a separate defendant.

authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual Background

Plaintiff alleges a litany of complaints about his incarceration at the Alvin S. Glenn Detention Center ("ASGDC"). He alleges Mitchell once threatened to throw his mail in the trash and Rawls and Leggings have refused to give him grievances. [ECF No. 1 at 5]. He claims Wilson refused to sign a grievance on August 15, 2023, and Wannamaker did not return copies of nine grievances on September 27, 2023. Plaintiff alleges his wife left Cummingham a voicemail on July 19, 2023, and Cummingham told her "that receive no mail."[2] *Id.* Plaintiff also claims he was without running water in his cell for two weeks, but that water from the cell next door leaked in his cell.

Plaintiff alleges on July 23, 2023, while Grady was on duty, there was a fight in which an inmate grabbed a knife and attacked another inmate. Plaintiff claims "30 days later that same person had a trustee job serving us our food." *Id.* Plaintiff alleges Harris removed the phone from the desk on July 28, 2023, and Plaintiff feared for his life. He further claims Grady, Summers, and Mitchell have watched inmates pull out their penises in public areas without charging them with disciplinary infractions.

---

[2] It is unclear whether Plaintiff is alleging Cummingham stated Plaintiff received no mail or whether Cummingham denied receiving the voicemail.

2

Plaintiff complains that he slept on the floor for two nights and went without meals on various occasions. Plaintiff also alleges he was exposed to COVID-19 on various occasions at ASGDC and believes he may have contracted it, but was not tested or provided booster shots. He further claims he was housed with an inmate who had medical conditions requiring him to use Depends, and Plaintiff alleges the used Depends were not disposed of properly.

II.    Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

The plaintiff is a pretrial detainee; thus, his claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment (which is used to evaluate conditions of confinement claims for individuals convicted of crimes). *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983). In any event, "[the] due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). To state a claim that conditions of confinement violate constitutional requirements, a plaintiff must show that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The first prong of the *Strickler* analysis requires an objective showing that the deprivation was sufficiently serious, such that significant physical or emotional injury resulted from it, while the second prong is a subjective test requiring evidence that prison officials acted with a sufficiently culpable state of mind. *Id.* (citing and partially quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Plaintiff's claims standing alone do not rise to a constitutional violation. For instance, Plaintiff's claims related to lack of grievances or unprocessed grievances are insufficient to state a constitutional violation. A prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72,

5

75 (4th Cir. 1994); *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Accordingly, Defendants' alleged failure to appropriately process or respond to Plaintiff's grievances does not state a cognizable constitutional claim. Similarly, Mitchell's threat that he would throw Plaintiff's mail in the trash is insufficient to show a constitutional violation, as verbal threats alone are insufficient to state a violation of a constitutional right. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005).

Plaintiff's claims of having to sleep on the floor a few nights or lacking access to running water in his cell for a limited period do not, standing alone, rise to the level of a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal citations and quotation marks omitted); *see also Hamm v. Riley*, CA No. 0:05-2046-HMH-BM, 2007 WL 1377611, at *14 (D.S.C. May 7, 2007) ("During the time period set forth in the Complaint, Plaintiff was a prisoner in a county jail facility, not a hotel. It should be expected that conditions in such a setting are often times less than ideal."). Plaintiff's reports of occasionally missing a meal are likewise insufficient. "Occasional, short lived problems with

6

prison food service and isolated instances of inmates missing a meal or two do not implicate the Eighth Amendment." *See Williams v. Ozmint*, C/A No. 6:07-2409-DCN-WMC, 2008 WL 4372986, *7 (D.S.C. Sept. 22, 2008).

With regard to his claims regarding an inmate fight or public masturbation by other inmates, Plaintiff has not shown he was injured by such incidents. Further, his claims regarding having flu-like symptoms for three weeks that he believes may have been COVID-19 are insufficient to state a constitutional claim. While courts have recognized that the COVID-19 pandemic presented a serious risk of harm, specifically to the incarcerated population, *see, e.g., Seth v. McDonough*, 461 F. Supp.3d 242, 248, 260 (D. Md. 2020), Plaintiff has not alleged that he suffered any significant physical injury stemming from potential exposure to the COVID-19 virus. Although he suggests ASGDC has unsanitary conditions, he has failed to show he has been seriously injured by any of these conditions. Thus, his speculative complaint fails to sufficiently allege that Defendants' conduct was objectively unreasonable or that Defendants were deliberately indifferent to a substantial risk of harm to him to plausibly satisfy the subjective prong of the deliberate indifference standard.

Finally, although Plaintiff lists what appear to be many state statutes, such statutes are insufficient to provide this court with subject matter jurisdiction.

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **December 26, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

December 5, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge